IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLIE CARNES, Individually as Surviving Spouse, and on Behalf of AMANDA L. CARNES and JOSHUA D. CARNES, and as Administratrix of the Estate of Raymond Carnes, Deceased,<br><br>    Plaintiffs,<br><br>        v.<br><br>CRETE CARRIER CORPORATION, and CATHY KUNZ,<br><br>    Defendants. | CIVIL CASE NO.<br>1:06-CV-3129-JTC |

**O R D E R**

This matter is currently before the Court on Defendant Crete Carrier's motion to compel production of documents [#49] and motion to compel deposition of corporate representative [#50] against non-party United Parcel Service, Inc. ("UPS") and UPS's motions to quash and/or modify Defendant Crete Carrier's subpoenas [#58, 66]. Plaintiffs filed this action for the wrongful death of Raymond Carnes, a UPS employee who was killed when a truck owned by Defendant Crete Carrier ("Crete") and driven by Defendant Kunz collided with a UPS vehicle he was repairing on the side of the road.

In May 2007, Crete subpoenaed from UPS the production of various documents related to the accident that killed Raymond Carnes. UPS

responded by providing some documents and withholding other documents pursuant to objections, primarily asserting that the withheld documents were governed by the attorney-client privilege, the work product doctrine, or were irrelevant. Crete also sought to depose, pursuant to Rule 30(b)(6), a UPS representative regarding (1) the facts and circumstances surrounding the accident and (2) UPS's investigation of the accident. UPS objected to providing a representative for deposition on those matters for the same reasons it withheld documents. In July 2007, Crete served a subpoena on UPS seeking production of UPS's Serious Accident Investigation Report and a representative to testify about it, and UPS objected by again asserting attorney-client privilege and work product. UPS has also moved to quash Crete's latter two subpoenas.

Crete's document requests can be divided into three categories: (1) documents related to the contents of the UPS truck involved in the accident, Request Nos. 17, 39, and 43; (2) documents related to UPS's investigation of the accident, Request Nos. 19, 20, 23, 26, 31, 32, 33, 35, 38, and 40; and (3) documents related to UPS records created before the accident, Request Nos. 25, 28, 29, 30, 46, and 48. Request No. 37 is for documents or reports regarding the accident UPS filed with insurance carriers or any governmental entity and does not fit neatly into any of the three categories.

**I.     Legal Standards**

    A.     <u>Discovery</u>

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). The party seeking the discovery has the burden of showing that the requested material is relevant. <u>Id.</u>; <u>see also</u> <u>Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.</u>, 233 F.R.D. 678, 680 (M.D. Fla. 2006).

    B.     <u>Attorney-Client Privilege</u>

In order to invoke attorney-client privilege, a claimant must establish:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

<u>United States v. Noriega</u>, 917 F.2d 1543, 1550 (11th Cir. 1990) (quotation marks omitted).

    C.     <u>Work Product</u>

Rule 26 governs the disclosure of work product:

> a party may obtain discovery of documents and tangible things

>otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).  Rule 26(b)(3) "establishes two tiers of protection: first, work prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship; second, 'core' or 'opinion' work product that encompasses the mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation is generally afforded near absolute protection from discovery."  In re Cendant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003) (quotation marks omitted).  "The burden of establishing that a document is work product is on the party who asserts the claim."  Georgia-Pacific, 233 F.R.D. at 681 (quotation marks omitted).  Although the text of Rule 26 purports to apply only to tangible things, the Third Circuit has held that, based on Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947), "work product protection extends to both tangible and intangible work product."  In re

Cendant Corp., 343 F.3d at 662.

"It is well settled that ordinarily, the work product doctrine does not shield from discovery documents created by third-parties." Georgia-Pacific, 233 F.R.D. at 681; see also In re Cal. Pub. Util. Comm'n, 892 F.2d 778, 781 (holding Rule 26(b)(3) inapplicable to a non-party, but noting that the third-party could obtain a protective order under Rule 26(c)); In re Polypropylene Carpet Antitrust Litig., 181 F.R.D. 680, 691-92, 701 (N.D. Ga. 1998) (Murphy, J.) (reaching the same conclusion but granting a protective order). Some courts, however, "have allowed third parties to assert work product privilege despite the limiting language of Rule 2[6](b)(3)." In re Student Fin. Corp., No. 06-MC-69, 2006 WL 3484387, at *9-*10 (E.D. Pa. Nov. 29, 2006) (discussing cases). As Judge McLaughlin noted, the protective provisions of Rule 45 and Rule 26(c), as well as Hickman, support the extension of work product protection beyond the limits of the text of Rule 26(b)(3). Id. at *11.

Of particular interest is Basinger v. Glacier Carriers, Inc., 107 F.R.D. 771 (M.D. Pa. 1985). There, the plaintiff's decedent was killed in a collision with the defendant's tractor-trailer. Basinger, 107 F.R.D. at 772. The decedent had consumed alcoholic beverages at a restaurant prior to the accident, and the restaurant's insurance company, a non-party to the suit, investigated the accident shortly after its occurrence and compiled a file

consisting of witness statements, police reports, and inter-office memoranda containing the mental impressions of insurance company employees regarding potential claims.  Id.  The defendant trucking company subpoenaed the insurance company's investigation file and an employee to sit for a deposition.  Id. at 771-72.  The court found that the insurance company, as representatives of the restaurant, could invoke Rule 26(b)(3), noting it "unduly 'burdensome' and therefore, unjust, to require a non-party to deliver the same kind of information to a party who may subsequently join the non-party in the litigation."  Id. at 772.  The court found that the insurance company conducted its investigation in anticipation of litigation, as it had the restaurant's "potential liability in mind."  Id. at 774.  After analyzing the defendant's substantial need and potential undue hardship, the court quashed the subpoena.  Id. at 775.

**II.     Discussion**

    A.     Requests No. 17, 39, and 43

As to Crete's request for documents related to the contents of the UPS truck involved in the accident, the Court agrees with UPS's assertion that those documents are not relevant.  Crete argues that the contents of the truck are relevant to show why UPS chose to park its truck illegally and attempt a repair on the roadway.  However, Crete offers no authority to support its

burden of demonstrating the relevance of the requested material.  See Fed. R. Civ. P. 26(b)(1).  Therefore, the Court **DENIES** Crete's motion to compel as to these requests.

    B.    Request Nos. 25, 28, 29, 30, 46, and 48

UPS objects to these requests by arguing, without detail, that they are vague, overly broad, irrelevant, and not calculated to lead to the discovery of admissible evidence.  Such objections are improper.

> Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery.  Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under Rule 26 because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded.

U.S. Commodity Futures Trading Comm'n v. Am. Derivatives Corp., No. 1:05-CV-2492, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007) (Story, J.).  Therefore, the Court **GRANTS** Crete's motion to compel as to these requests.

    C.    Request Nos. 19, 20, 23, 26, 31, 32, 33, 35, 38, and 40

UPS has provided evidence indicating that shortly after the fatal accident, UPS employees contacted UPS's attorney, John McKinley, and requested that he begin an investigation and provide legal advice regarding the accident.  (See generally Spurlock Aff., McKinley Aff.)  While UPS

routinely investigates all accidents involving UPS employees, UPS was particularly concerned with litigation concerning the accident at issue in this case.

A party asserting work product protection "must show that the materials withheld are: 1) documents and tangible things; 2) prepared in anticipation of litigation or for trial; and, 3) the documents or tangible things were prepared by or for the party or the attorney asserting the privilege." Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003). Work product "must be specifically raised and demonstrated rather than asserted in a blanket fashion." Yurick ex rel. Yurick v. Liberty Mut. Ins. Co., 201 F.R.D. 465, 472 (D. Ariz. 2001). "The party asserting the attorney-client privilege or the work product doctrine bears the burden to provide a factual basis for its assertions. This burden is met when the party produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit from counsel." Triple Five of Minn., Inc. v. Simon, 212 F.R.D. 523, 528 (D. Minn. 2002) (finding work product applicable where the asserting party "provided detailed privilege logs" "which for each document withheld listed the type of document, the date of creation, the author, the recipient, the subject matter, and the applicable privilege").

Without addressing any attorney-client privilege to which UPS is entitled, the Court finds that UPS may assert work product protection. The Court agrees with the reasoning set out in In re Student Fin. Corp. Although the text of Rule 26(b)(3) appears to limit work product to parties, Rule 26(c), Rule 45, and Hickman suggest that the scope of protection should extend to a non-party such as UPS under the facts of this case. Even courts that strictly applied the text of Rule 26(b)(3) to deny work product protection noted the possibility of or granted protective orders for the same information. See In re Cal. Pub. Util. Comm'n, 892 F.2d at 781; In re Polypropylene Carpet Antitrust Litig., 181 F.R.D. at 691-92, 701. Much like the restaurant in Basinger, UPS may be a party to litigation at some point in the future;[1] requiring UPS to provide its information to a potential adverse party or co-tortfeasor would be "unduly 'burdensome' and therefore, unjust." Basinger, 107 F.R.D. at 772.

UPS cannot assert the work product privilege in a blanket fashion and must provide a detailed list of the documents it claims are covered. UPS has provided privilege logs setting out seven documents or collections of documents as to which it claims work product. (See UPS's Resp. to Mot. to

---

[1] Crete has filed a "Notice of Non-Party at Fault and Request for Apportionment" [#52] in which Crete seeks to attribute some of the fault for the accident to UPS.

Compel, Exhs. E, F.)  The documents listed are photographs of the accident scene, an interview of the UPS truck driver, and investigation reports, all of which were taken or compiled on or shortly after the date of the accident.  All of these items meet the elements of work product, as they were prepared (1) in anticipation of litigation resulting from the accident and (2) by or for UPS.  Crete has not shown or argued that it has a substantial need for these materials or would encounter undue hardship in independently obtaining them.[2]  Therefore, the Court **DENIES** Crete's motion to compel to the extent it encompasses the items set out in UPS's privilege log.

However, to the extent UPS has withheld documents not listed in its privilege log but responsive to Crete's request for documents related to UPS's investigation of the accident, the Court **GRANTS** Crete's motion.  Crete's failure to specify any remaining documents constitutes a wavier of any attorney-client privilege and work product protection for those documents.

---

[2]This applies to the photographs of the accident scene, as Crete has not argued or demonstrated that it was unable to obtain its own photographs or is unable to procure a substantial equivalent.  See Chiquita Int'l, Ltd. v. M/V Bolero Reefer, No. 93CIV0167, 1994 WL 263603 (S.D.N.Y. June 7, 1994) ("a party seeking photographs of a subject no longer available for observation may be able to show a substantial need for such evidence and an inability to obtain any substantial equivalent, thus meeting the requirements for disclosure of work product under Rule 26(b)(3).  However, where the party seeking disclosure had full access to the scene and was not precluded from creating a photographic record, the justification for requiring production of the work product of an adversary or of a non-testifying expert disappears." (citations omitted)).

Yurick, 201 F.R.D. at 472.  This includes any documents responsive to Request No. 37, excluding the reports listed in UPS's privilege log.

### D. Depositions and the Serious Accident Investigation Report

Crete seeks to depose a UPS representative regarding (1) the facts and circumstances surrounding the accident and (2) UPS's investigation of the accident.  Crete also filed a subpoena for UPS's Serious Accident Investigation Report and a representative to testify about it.

Pure facts are not subject to attorney-client privilege or work product protection. See Upjohn Co. v. United States, 449 U.S. 383, 395-96, 101 S. Ct. 677, 685-86 (1981).  Thus, to the extent Crete seeks testimony from UPS regarding the facts and circumstances surrounding the accident, Crete may discover it, except where such testimony may reveal privileged communications or documents.  However, Crete may not discover information concerning UPS's investigation of the accident.  "One of the primary functions of the work-product doctrine is to prevent a current or potential adversary in litigation from gaining access to the fruits of counsel's investigative and analytical effort, and strategies for developing and presenting the client's case." United States ex rel. Burroughs v. DeNardi Corp., 167 F.R.D. 680, 685 (S.D. Cal. 1996).  As noted above, Crete has not shown any substantial need or undue hardship such that UPS's work product protection may be overcome.

Accordingly, the Court **GRANTS in part** Crete's motion to compel and **DENIES in part** UPS's motion to quash as to testimony regarding the facts and circumstances of the accident.  The Court **DENIES in part** Crete's motion to compel and **GRANTS in part** UPS's motion to quash regarding UPS's investigation of the accident.

As to the Serious Accident Investigation Report, UPS listed the Report on its privilege log.  For the reasons discussed above, the Court finds that the Report is, at minimum, entitled to protection under the work product doctrine.  UPS has provided evidence that it conducted its investigation in anticipation of litigation and with "potential liability in mind."  Basinger, 107 F.R.D. at 774.  Therefore, the Court **GRANTS** UPS's motion to quash Crete's subpoena for the Report and a witness to testify about it.

### III.  Conclusion

As detailed above, the Court **GRANTS in part** and **DENIES in part** Crete's motion to compel document requests [#49].  To the extent the Court grants the motion to compel, the Court **DIRECTS** UPS to produce any responsive documents within ten (10) days of the entry of this Order.  The Court **GRANTS in part** and **DENIES in part** Crete's motion to compel depositions [#50] and UPS's motion to quash that subpoena [#58].  The Court **GRANTS** UPS's motion to quash Crete's subpoena regarding the Serious

Accident Investigation Report [#66]. The Court also **GRANTS** Crete's motion to exceed page limits [#46].

    **SO ORDERED**, this  22nd  day of August, 2007.

                                      */s/ Jack T. Camp*
                                      JACK T. CAMP
                                      UNITED STATES DISTRICT JUDGE